**UNITED STATES of America,
Appellee,**

v.

**Dominic D. LACARIO, Appellant.**

**No. 25771.**

United States Court of Appeals,
Ninth Circuit.

Sept. 25, 1970.

Charles A. Bradley (argued) Billings, Mont., for appellant.

Keith L. Burrowes (argued) Asst. U. S. Atty., Otis L. Packwood, U. S. Atty., Billings, Mont., for appellee.

Before KOELSCH, ELY, and KIL-KENNY, Circuit Judges.

PER CURIAM:

Lacario was found guilty, in a jury trial, of having knowingly received and converted stolen Government property worth more than $100. 18 U.S.C.A. § 641. Sentenced to serve a confinement term of five years, he appeals from the judgment of conviction.

The accused was first charged by way of Information, it being alleged that he had unlawfully received two adding machines and two typewriters belonging to the Government. Subsequently, he was indicted for having received, in addition, three stolen Government calculating machines having a value in excess of $100. His trial involved the charges made in both the Information and the Indictment; however, following the presentation of the Government's case, Lacario's motion to dismiss the Indictment was granted.

The court was also urged to dismiss the Information. This effort on Lacario's part was unsuccessful, but the court did eliminate from the jury's consideration all evidence pertaining to all stolen property, with the exception of evidence relating to two IBM electric typewriters.[1]

We reject all of the appellant's contentions save one. This contention, which is meritorious, is that the evidence is insufficient to support a determination, beyond a reasonable doubt, that the stolen property received by Lacario had a value in excess of $100. The evidence establishes that the accused received one of the typewriters, and it was stipulated that he sold it for $27.50. The other typewriter, along with an adding machine, was first sold for a total of between $40 and $75.[2] The Government contends that the original purchaser later sold this machine in North Dakota for an amount in excess of $100, but the evidence tending to support this contention is highly ambiguous.[3] In short,

---

1. "THE COURT: * * * Ladies and Gentlemen, the Court at the outset of this case advised you that there were two charges pending against the defendant; one of an Information and the other was an Indictment.

"At the close of the testimony yesterday of the Government a motion was made, which the Court has granted, so that now before you is one case, rather than two, and that information charges the receiving of stolen adding machines and typewriters.

"Also you will recall in the testimony, or in the course of the trial the Attorney for Mr. Lacario objected to the introduction of certain exhibits, which the Court admitted over his objection.

"The Court also this morning, in your absence, considered and heard argument on the motion, and now all that is left in evidence are the two typewriters that are before you. The rest of the equipment which was received as by the Court's order has been excluded and I would caution you now, and it is the law, that you are to consider only the typewriters and not the other exhibits that have been previously admitted, which are now expunged from the Record from the standpoint of their admission. I would reverse my ruling earlier, so that these two are the only two items before you at this time."

2. One of the prosecution witnesses participating in this transaction testified, as to the amount then paid for the two machines, "I am not sure. I think the amount was $40.00 * * *" Certain testimony of another prosecution witness, the original purchaser, reads, "I am not certain of the exact amount of money, but I believe it was fifty or sixty dollars."

3. For example, the most direct prosecution testimony is that four undescribed "machines" were sold in North Dakota for a total of "about $425.00 * * * or thereabouts." If it can be assumed that one of these "machines" was a typewriter, the Government witness who claimed to have made the sale and to have first received it from Lacario and another person described it, not as an IBM electric typewriter, but as *something similar* to an IBM electric typewriter." (Emphasis added.)

the prosecution's case, as related to the value of this particular typewriter, is remarkably deficient.

There is abundant evidence to support the determination that Lacario received and converted property known by him to have been unlawfully taken from the Government. Since the property had some value, Lacario is guilty of the misdemeanor offense proscribed by 18 U.S.C. § 641. His counsel has acknowledged that Lacario should be sentenced as a misdemeanant if issues other than that relating to the proof of value are resolved against him.

The judgment of conviction is vacated, and the cause is remanded so that the district judge may sentence the appellant for his misdemeanor and enter a new judgment accordingly.

Reversed and remanded.